IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN LOTT, et al., : | |
|     Plaintiffs : | |
| : | No. 1:13-cv-02768 |
| v. : | |
| : | |
| JAMES S. DUFFY, : | (Judge Kane) |
|     Defendant : | |

## MEMORANDUM

Before the Court is Plaintiffs John Lott, Sheila Gantz, and Bear Mountain Realty's motion to dismiss the above-captioned action. (Doc. No. 2.) For the reasons that follow, the Court will grant Plaintiffs' motion.

**I.  BACKGROUND**

On February 10, 2012, Plaintiffs John K. Lott and Sheila Gantz, trading as Bear Mountain Realty, began an action in ejectment in the Court of Common Pleas of Adams County against Defendant James S. Duffy. In early November 2012, the parties reached a settlement of Plaintiffs' claims that provided, among other things, that Defendant would release any claim, interest, or title to the subject property, and, that Defendant would vacate the property within ninety days. Lott v. Duffy, No. 1:13-cv-01580 (Doc. No. 5-1 at 1-3). Instead, Defendant remained at the property, and filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Pennsylvania on February 2, 2013. In re James S. Duffy, No. 1:13-bk-00602 (Doc. No. 1). Plaintiffs subsequently moved the Bankruptcy Court to lift the automatic stay of their action in the Court of Common Pleas of Adams County, which the Bankruptcy Court granted. Id. (Doc. No. 50). On June 4, 2013, Chief Bankruptcy Judge Mary D. France denied Defendant's motion to reimpose the automatic stay. Id. (Doc. No. 58). However,

1

Defendant still refused to vacate the property, and Plaintiff initiated contempt proceedings in the county court.

On June 12, 2013, Defendant removed the pending ejectment action to this Court on the grounds that it presented a federal question under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Lott v. Duffy, No. 1:13-cv-01580 (Doc. No. 1). Plaintiffs then moved the Court to remand the action, arguing that Defendant's notice of removal was defective as it was both untimely and failed to articulate any basis for federal jurisdiction. Id. (Doc. No. 2 ¶¶ 7-8). On October 30, 2013, the Court remanded the case to the Court of Common Pleas of Adams County on the grounds that the Court lacked subject-matter jurisdiction over the action. Id. (Doc. Nos. 6, 10 ).

On November 13, 2013 – two days before Defendant was scheduled to be ejected from the subject property – Defendant filed a notice of removal with this Court, seeking to remove the same action the Court remanded on October 30, 2013. (Doc. No. 1.) Plaintiffs subsequently filed a motion to dismiss Defendant's notice of removal on the grounds that Defendant is attempting to remove the same pending state court action previously remanded by the Court. (Doc. No. 2 ¶ 6.) Plaintiffs assert that Defendant's sole purpose in removing this action is to delay his ejectment from premises owned by Plaintiffs. (Id. ¶ 10.)

**II.     STANDARD OF REVIEW**

Removal of an action initially filed in state court is only proper if the action "originally could have been filed in federal court." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Generally, the case must be removed within thirty days after the initial complaint is received by the defendant. 28 U.S.C. § 1446(b). However, if the grounds supporting removal are not

2

evident from the initial complaint, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

The party seeking removal of the action to federal court may do so on the grounds that complete diversity of citizenship exists between the parties, or, that federal law has created a private right of action. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Williams, 482 U.S. at 392 (citation omitted). It is settled law that a case generally may not be removed to federal court on the basis of a federal defense, including the defense of federal preemption, even if the defense is anticipated in the plaintiff's complaint. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 12 (1983).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). The court has an obligation to satisfy itself that it has subject-matter jurisdiction. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77-78 (3d Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party who removed the case to federal court bears the burden of showing that the court has subject-matter jurisdiction, and

the removal statute is "strictly construed against removal."  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005).

Here, Defendant contends that that the court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1343, which provides that "district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person" to recover damages to redress a deprivation of civil rights.  The "well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995) (citation omitted).  Here, Plaintiffs are not seeking damages to redress a deprivation of their civil rights.  Rather, Plaintiffs brought an action in ejectment action under state law.  That Defendant feels his rights were violated in connection with the case does not somehow transform this action into a civil action to recover damages to redress a deprivation of civil rights.  Rather, this action is an action in ejectment under Pennsylvania law over which this court does not have subject-matter jurisdiction.

In support of removal in this case, Duffy also cites 28 U.S.C. § 1443(1), which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

Section 1443(1) applies only in rare cases.  Delaware v. Burr, 523 F. App'x 895, 897 (3d Cir. 2013).  "To succeed at removal on this basis, a state court defendant must allege a

4

deprivation of rights guaranteed by a federal law providing for specific civil rights stated in terms of racial equality." Id. "In order to sustain removability under § 1443(1), a defendant must also demonstrate that he is 'denied or cannot enforce' his specified federal rights in the state courts." Davis v. Glanton, 107 F.3d 1044, 1050 (3d Cir. 1997) (citation omitted). In this regard, "[a]lthough traditionally the denial had to be manifest in a 'formal expression of state law,' a defendant can now sustain pre-trial removal where a federal civil rights statute '[o]n its face . . . prohibits prosecution of any person' seeking to exercise that civil right." Id. "Thus, removal is available where the state court defendant's federal civil rights would 'inevitably be denied by the very act' of being brought to trial in state court." Davis, 107 F.3d at 1050 (quoting City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966)).

In this case, Defendant does not meet the requirements for removal under Section 1443(1). First, he does not allege a violation of his civil rights to racial equality. Second, Defendant does not allege facts from which it can reasonably be inferred that he has been denied or cannot enforce his civil rights to racial equality in the state courts. Thus, removal under Section 1443(1) is not proper in this case.

## IV. CONCLUSION

The Court finds that the above-captioned action should be dismissed, with costs. An order consistent with this memorandum follows.